15-2588-cv
Migdal Ins. Co. v. Ins. Co. of State of Pa.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand sixteen.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
MIGDAL INSURANCE COMPANY LTD. ,

> *Plaintiff-Counter-Defendant-Appellee,*

> v.                                                      No. 15-2588-cv

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,

> *Defendant-Counterclaimant-Appellant,*

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
> PENNSYLVANIA,

> *Defendant-Counter-Claimant*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**FOR APPELLANT:**                          LAWRENCE KLEIN, New York, NY (Aaron F. Mandel, Sedgwick LLP, New York, NY, on the brief)

**FOR APPELLEE:**                        ANDREW N. BOURNE, New York, NY
                                         (Hoguet Newman Regal & Kenney, LLP,
                                         New York, NY, on the brief)


Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).


**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Rule 8.548 of the California Rules of Court, the following Certificate shall be sent to the Supreme Court of California together with the briefs of the parties and the joint appendix.

Certificate

Pursuant to the provisions of Paragraph (b) of Rule 8.548, the Court of Appeals for the Second Circuit represents as follows:

1. The title of the case is *Migdal Insurance Company Ltd. v. The Insurance Company of the State of Pennsylvania*. In the Court of Appeals for the Second Circuit the number of the case is 15-2588-cv. Counsel for Migdal Insurance Company Ltd. are Andrew N. Bourne and Hoguet Newman Regal & Kenney LLP, 10 East 40th Street, New York, NY 10016. Counsel for The Insurance Company of the State of Pennsylvania are Lawrence Klein, Aaron F. Mandel, and Sedgwick LLP, 225 Liberty Street, 28th Floor, New York, NY 10281.

The U.S. Court of Appeals for the Second Circuit has decided *sua sponte* to submit this certificate to the Supreme Court of California. However, Rule 8.548(b)(1) requires "a designation of the party to be deemed the petitioner if the request [for certification] is granted." The Insurance Company of the State of Pennsylvania ("ICSOP") may be deemed the petitioner if the request for certification is granted

because it is the Appellant in the Court of Appeals and it is the party that disagrees with the interpretation of California law made in this case by the District Court.

2. The questions to be decided are:

(a) Where the insurance policies of two insurance companies (identified in this question as A and B) cover the same risk, the policy of company A is primary and contains no "other insurance" clause,[1] and the policy of company B, which is also primary, contains an "other insurance" clause stating, "This insurance is excess over: . . . Any of the other insurance or your self-insurance plan that that [*sic*] covers a loss on the same basis,"[2] is company A entitled under California law to equitable contribution from company B?

(b) Under the circumstances described above and where the amount Company A paid to settle a case exceeds the policy limit of Company B's policy, is a clause in the insurance policy of company B stating, "All payments made under any local policy issued to you by us or any other insurance company will reduce the Limits of Insurance of this policy"[3] enforceable under California law?

---

[1] The only language of the policy of company A that could be considered an "other insurance" clause states, "It is agreed that the cover under this policy constitutes primary cover and will apply before any similar cover which has been arranged by the insured under the Third Party Liability section of the policy in any other property and liability insurance arranged by the insured." *See* Extensions to Section B – Third Party Liability Insurance, paragraph 2 of the insurance policy of Migdal Insurance Company, Joint Appendix 91.

[2] Section IV, paragraph 4(b)(3) of the insurance policy of The Insurance Company of the State of Pennsylvania, Joint Appendix 131.

[3] Section III, paragraph 9 of the insurance policy of the Insurance Company of the State of Pennsylvania, Joint Appendix 130.

The Court of Appeals for the Second Circuit will accept the decision of the Supreme Court of California.

As is customary when the Court of Appeals for the Second Circuit certifies a question to the highest court of a state, we invite the responding court to reframe the question(s) certified, if it wishes, so that the issue(s) raised by the question(s) presented may be fully answered. *See Capitol Records, Inc. v. Naxos of America, Inc.,* 372 F.3d 471, 485 (2d Cir. 2004); *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris USA Inc.,* 344 F.3d 211, 229 (2d Cir. 2003).

3. The relevant facts are as follows. Appellee, Migdal Insurance Company Ltd., issued a liability insurance policy to Kinetic Systems Israel Ltd. and Kinetics Process Piping Israel Ltd. (collectively "Kinetics Israel"). The Migdal policy contained the language referred to in the first question, *i.e.*, the language of the policy of company A. The Appellant, ICSOP, issued a liability insurance policy to Kinetic Systems, Inc., covering its subsidiaries, including Kinetics Israel. The ICSOP policy contained the language referred to in the first and second questions, *i.e.*, the language of the policy of Company B. In 2008 the subrogee of Tower Semiconductor Ltd. ("Tower") sued Kinetics Israel, Migdal, and ICSOP for damage to Tower's property allegedly caused by Kinetics Israel. ICSOP refused to defend Kinetics Israel. Migdal defended and paid $1.75 million in full settlement of the Tower action.

In the pending action, filed in February 2014, Migdal sued ICSOP for equitable contribution. That action named a third party, National Union Fire Insurance Company of Pittsburgh, Pa., which has been dismissed. The District Court for the Southern District of

4

New York ruled in favor of Migdal and ordered ICSOP to pay one third of the Tower settlement. The District Court's opinion is printed at pages 298-310 of the Joint Appendix. ICSOP appealed to the Court of Appeals for the Second Circuit.

4. The reason this request for certification satisfies subsection (a) of Rule 8.548 is as follows. With respect to ICSOP's "other insurance" clause, the District Court noted that in *Dart Industries, Inc. v. Commercial Union Insurance Co.*, 28 Cal. 4th 1059, 1080 (2002), the Court stated that "the modern trend is to require equitable contribution[] on a pro rata basis from all primary insurers regardless of the type of 'other insurance' clause in their policies." Joint Appendix at 303. The District Court thought that California considers a policy excess only when the policy says it is excess with respect to specifically identified policies.

ICSOP relies on California cases that decline to enforce an "other insurance" clause where there is a conflict between such a clause and a clause in another insurer's policy. *See*, *e.g.*, *Carmel Development Co. v. RLI Insurance Co.*, 126 Cal. App. 4th 502, 508-09 (6th Dist. 2005); *Travelers Casualty & Surety Co. v. Century Surety Co.*, 118 Cal. App. 4th 1156, 1160 (4th Dist. 2004); *Pacific Indemnity Co. v. Bellefonte Insurance Co.*, 80 Cal. App. 4th 1226, 1234-35 (4th Dist. 2000). ICSOP maintains that California refuses to enforce an "other insurance" clause only where such a conflict exists and that there is no conflict in this case because Migdal's policy has no "other insurance" clause. However, in *Edmondson  Property Management v. Kwock*, 156 Cal. App. 4th 197, 203 (5th Dist. 2007), the Court ordered equitable contribution even though the policy of the party obtaining such contribution did not contain an "other insurance" clause or any other

5

clause that could be said to conflict with the defendant insurer's policy. Whether *Edmondson* should be understood to permit equitable contribution in the absence of a conflict between policies is unclear. The Court noted that one policy did not contain an "other insurance" clause, but, echoing *Dart*, said, "The modern trend is to require contribution where there is the same level of insurance for the same risk, regardless of 'other insurance' language." *Id.* at 203. The Court then said that the defendant insurer, "recognizing the unlikeliness that its 'other insurance' clause would be used to bar the contribution claim," *id.* at 204, did not rest on that clause but based its argument on the indemnity clause of its policy, which the Court ruled did not defeat the contribution claim.

It is therefore unclear whether an insurer with an "other insurance" clause must contribute to an insurer whose policy does not contain such a clause.

With respect to the clause in ICSOP's policy concerning a reduction of limits in the event of payment, it is uncertain whether California courts would enforce this clause. ICSOP calls this clause the "exhaustion provision" and contends that "[b]ecause the amount Migdal paid to settle the [Tower] lawsuit was greater than the amount of the ICSOP policy's applicable limit of insurance, Migdal's payment exhausted the ICSOP policy." Opening Brief for ICSOP at 30. Migdal replies that, on ICSOP's view of the "exhaustion clause," it becomes an "escape clause" and that California courts would not enforce such a clause. Brief for Migdal at 38-43. Both briefs rely on California decisions for their respective positions.

After oral argument we invited the parties to submit views on whether certification would be appropriate. Both sides opposed certification. They argued that California law was clear, but clear in favor of their opposing positions. Their arguments reinforce our view that California law is not clear on the questions we have certified.

Pursuant to Paragraph (c) of Rule 8.548, the Clerk of this Court is directed to transmit to the Supreme Court of California copies of all briefs filed by the parties and the Joint Appendix.

Pursuant to Paragraph (d) of Rule 8.548, the Clerk of this Court is directed to file with the Supreme Court of California ten copies of this Order with a certificate of service on the parties.

The attention of the parties is drawn to Paragraph (e) of Rule 8.458 concerning their opportunity to submit papers to the Supreme Court of California.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk